[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS 100.30, 100.40 AND 100.50
This dissolution action was returned to the court on July 31, 2001. The defendant Denis B. Shove was served in hand with the writ, summons and complaint on July 17, 2001. At that time, he was also served with the plaintiff's pendente lite Motion for Allowance to Prosecute (#100.30), Motion for Alimony (#100.40) and Motion for Exclusive Possession of the Family Residence (#100.50). These motions were heard on October 1, 2001 at which time the plaintiff appeared but the defendant failed to appear.
The court finds that Mrs. Shove, a waitress, injured her back and neck after filing the motions and is presently working 3-4 hours per day per week. She presently earns $110 per week including tips. Mr. Shove moved from the marital residence on July 10th and has given his wife some money toward household bills but she is paying most of the expenses.
Evidence provided by Mr. Shove's employer pursuant to a subpoena duces tecum indicate that in 1999 he earned gross wages of $53,439 or an CT Page 15215 average of $1,027.67 per week and in 2000, he earned gross wages of $61,272.87 or an average of $1,178.32 per week. In the first two quarters of 2001, he earned gross wages through June of $31,149,98 or an average of $1,153.34 per week. His gross earnings dipped as the dissolution action approached so that from July 8, 2001 to September 23, 2001, his gross wages for eleven weeks total $10,145.95 or $913.27 per week on average.
Absent the defendant's testimony as to his expenses, the court concludes that he shall pay the sum of $500 per week in alimony pendente lite. This order is retroactive to July 31, 2001. Any sums paid to Mrs. Shove since July 31st shall be deducted from the amount owed from July 31st. The plaintiff is to pay the mortgage, real property taxes, homeowners insurance, utilities and other expenses on her financial affidavit. She is to have exclusive possession of the marital residence until further order of the court. Mr. Shove may remove his personal belongings from the residence upon 48 hours notice to the plaintiff. The motion for allowance to prosecute is denied without prejudice.
SANDRA VILARDI LEHENY, J.